**UNITED STATES of America,**
Appellee,

v.

James W. WILLIAMS, Hector Barrientos, also known as Uncle, Jimmy Augusto Restrepo, also known as Jimmy; Carlos Bolanos Yusty; Martin Torres; William Lopez, also known as Willie; Robert Vadas, also known as Bahama Bob, John E. Elejalde, Defendants–Appellants.

Nos. 01–1398(L), 01–1565(CON), 01–1567(C0N), 01–1580(C0N), 01–1581(CON), 01–1604(CON), 01–1614(CON), 02–1317(CON).

United States Court of Appeals,
Second Circuit.

Feb. 27, 2004.

Marc S. Berman, Clifton, NJ (Barrientos); Conrad O. Seifert, Old Lyme, CT (Restrepo); Jason P. Gladstone, Westport, CT (Yusty); Paul F. Thomas, Assistant Federal Defender, New Haven, CT (Torres); James E. Swaine, New Haven, CT (Lopez); Michael R. Hasse, New London, CT (Vadas); Earle Giovanniello, New Haven CT (Elejalde)., for Appellants.

Brian E. Spears, Assistant United States Attorney, Bridgeport, CT, for Appellee.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the *Anders* motion made by counsel for appellant John E. Elejalde and the government's motion for summary affirmance of Elejalde's conviction and sentence are granted; that the judgment of said District Court as to appellants Restrepo, Yusty, Torres, and Vadas is **AFFIRMED**; that Lopez's appeal is dismissed for lack of jurisdiction; and that we remand to the district court for further findings with respect to Barrientos.

■ Counsel for appellant Elejalde moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the government moves for summary affirmance. Having reviewed all of the parties' submissions—including those from Elejalde opposing both motions—we find no arguable basis for vacating Elejalde's plea or reversing his sentence. We therefore grant both motions.

The remaining defendants, all of whom pleaded guilty to conspiracy to possess with intent to distribute cocaine, appeal the resulting sentences on various grounds. We assume the reader's familiarity with the underlying facts, the procedural history, and the specification of appellate issues and affirm the sentences of Restrepo, Yusty, Torres, and Vadas, dismiss Lopez's appeal, direct further factual findings with respect to Barrientos, and hold as follows.

■ The evidence before the district court was sufficient to support each challenged factual finding.

■ (2)Yusty, Restrepo, and Torres, who argued that their sentences must be vacated pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), are not entitled to relief under *Apprendi* because the offenses for which they were indicted and to which they pleaded guilty carried maximum sentences higher than they actually received. *See United States v. Luciano*, 311 F.3d 146, 151–54 (2d Cir.2002).

■ (3) Yusty and Restrepo contend that the district court erred by failing to apply a standard of proof higher than preponderance to certain of their sentencing adjustments. The standard of proof for sentencing fact finding is preponderance of the evidence, although defendants who can demonstrate "a combination of circumstances ... including (i) an enormous upward adjustment (ii) for uncharged conduct (iii) not proved at trial and (iv) found by only a preponderance of the evidence, (v) where the court has substantial doubts as to the accuracy of the finding," may be eligible for a downward departure upon request. *United States v. Cordoba–Murgas*, 233 F.3d 704, 708–09 (2d Cir.2000). The record does not indicate that the district court had substantial doubts about any of the findings relevant to this claim.

Moreover, neither Yusty nor Restrepo asked the district court to depart downwardly based on the standard of proof. Because neither we nor the Supreme Court has ever found error based on a district court's failure to depart downward on a burden of proof analysis and because defendants did not make such a motion, we do not find plain error here. *See United States v. Dukagjini*, 326 F.3d 45, 61 (2d Cir.2003) (holding that an error is plain if it is clear at the time of appellate review); *United States v. Belk*, 346 F.3d 305, 315 (2d Cir.2003) (holding that we will not ordinarily find plain error where defendant does not propose a downward departure because we assume the district court understood the law and applied it correctly).

■ (4) The district court correctly found that Yusty is ineligible for safety valve relief because he did not satisfy his burden of showing that he provided "all information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). Defendant Vadas is ineligible for the same relief because he failed to demonstrate that he did not possess his "firearm[s] ... in connection with the offense" for which he was convicted, 18 U.S.C. § 3553(f)(2).

■ (5) Because, contrary to Lopez's position, the district court did not err in the standard it applied to Lopez's motion for a diminished capacity departure, *see* U.S.S.G. § 5K2.13 cmt. n. 1, or misconceive its powers, we lack jurisdiction to consider Lopez's appeal and must dismiss it. *See United States v. Silleg*, 311 F.3d 557, 561 (2d Cir.2002).

■ We also hold that Barrientos's Fifth and Sixth Amendment challenges to his obstruction of justice enhancement are

devoid of merit. *See United States v. Carmona*, 873 F.2d 569, 574 (2d Cir.1989) ("It is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross examine" or to rely on evidence stemming from a proceeding in which the defendant did not have counsel); *see also Colorado v. Spring*, 479 U.S. 564, 574–75, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987) (holding that voluntary waiver of Fifth Amendment privilege requires only that defendant be advised of his right to remain silent and warned that anything he says may be used against him and that defendant need not be warned of every possible way information he discloses could harm him). However, the district court did not make the factual findings required for an obstruction of justice adjustment. *See United States v. Ben–Shimon*, 249 F.3d 98, 102–04 (2d Cir.2001) (holding that to enhance offense level for obstruction of justice, district court must make specific factual findings that defendant willfully gave false testimony on a material matter); *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir.1997) (holding that where perjury occurred not in defendant's criminal trial but in a separate but related matter, the court must find materiality both as to the proceeding in which the testimony was given and the defendant's own trial or sentencing). Because the district court did not make sufficiently specific findings, we remand for findings on each of the elements of an obstruction of justice enhancement. *See United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994). We retain jurisdiction over any claims that result from the district court's further findings.

Accordingly, the clerk is directed to issue the mandate, which–in addition to affirming the district court's judgment with respect to Restrepo, Yusty, Torres, and Vadas, granting Elejalde's counsel's *Anders* motion and the government's motion for summary affirmance, and dismissing Lopez's appeal, shall provide that either the government or Barrientos may restore jurisdiction over Barrientos's appeal to this panel by filing with the Clerk's Office, a copy of the district court's further findings and a letter advising the Clerk's Office that jurisdiction should be restored.