**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4365**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK ANTHONY LINCOLN, a/k/a Johnson Harper,
a/k/a Kirk Johnson, a/k/a Ben Lewis, a/k/a
Kirk Lincoln, a/k/a Quinton Harper, a/k/a
Christopher Jacob, a/k/a Kirk Williams, a/k/a
Christopher Jenkins,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence. Terry L. Wooten, District Judge.
(CR-03-751)

Submitted: January 6, 2006          Decided: February 6, 2006

Before LUTTIG, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew M. Robinson, Cincinnati, Ohio, for Appellant. Jonathan S.
Gasser, United States Attorney, Rose Mary Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mark Anthony Lincoln appeals from his 330-month sentence entered pursuant to his guilty plea to conspiracy to distribute and to possess with intent to distribute cocaine base, cocaine powder, and marijuana. On appeal, Lincoln asserts that the district court's statements that the Sentencing Guidelines were advisory were "lip service" only and that the court essentially treated the guidelines as mandatory. He also asserts that, because the Government failed to file another 21 U.S.C. § 851 (2000) information, after obtaining a second superseding indictment, the minimum and maximum sentences described in the presentence report ("PSR") were incorrect. We affirm.

A sentencing court is not bound by the range prescribed by the Sentencing Guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence, the sentencing court must calculate and consider the guideline range, as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Hughes, 401 F.3d at 546. We will affirm a sentence if it is reasonable and within the statutorily prescribed range. Id. at 546-47. Further, we have stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall

within the applicable guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005).

This is not a case where the district court misunderstood its discretion to sentence Lincoln outside of the guideline range. The court stated explicitly that the guidelines were advisory and that the sentence was imposed in accordance with § 3553 and <u>Hughes</u>. The court adopted the PSR, without objection from either party, and the PSR contained a properly calculated guideline range. In addition, the court noted Lincoln's extensive criminal background, his personal circumstances, and the fact that Congress and the Sentencing Commission have adopted tough punishments for drug crimes. The court granted a downward departure and sentenced Lincoln at the lower end of his guideline range. Under these circumstances, we find that the sentence was reasonable. See <u>United States v. Shannon</u>, 414 F.3d 921, 924 (8th Cir. 2005) (stating that a "sentence imposed . . . consistent with the now-advisory guidelines . . . is generally indicative of reasonableness").

To seek enhanced penalties under 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 2005), the Government must file an information giving its notice to seek such penalties prior to trial or the entry of a plea. <u>See</u> 21 U.S.C. § 851. The purpose of the § 851 provisions is to provide notice to a defendant prior to trial that he faces an increased punishment if convicted of a qualifying

offense, such that the defendant has the opportunity to contest the accuracy of the information and to allow the defense sufficient time to understand the full consequences of a guilty plea or verdict.  United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995).

Lincoln does not argue that the Government's original filing was insufficient, nor does he allege that the Government withdrew its notice to seek enhanced penalties.  Other circuits have found that it is not necessary to refile a § 851 information after a superseding indictment or before a subsequent trial if there was a mistrial or reversal.  See id. at 1185; United States v. Wright, 932 F.2d 868, 882 (10th Cir. 1991).  Further, because the enhanced penalties were outlined at Lincoln's Fed. R. Crim. P. 11 hearing, he was able to make an informed decision as mandated by § 851.  Accordingly, we hold that the Government was not required to refile its § 851 enhancement after it filed the second superseding indictment.

Thus, we affirm Lincoln's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -