06-2087-pr
Vadas v. United States

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

_____

August Term, 2006

(Argued: February 14, 2007                    Decided: May 3, 2007 )

Docket No. 06-2087-pr

_____

ROBERT VADAS

*Petitioner*,

v.

UNITED STATES OF AMERICA

*Respondent*.

_____

Before: JACOBS, *Chief Circuit Judge*, WALKER, CALABRESI *Circuit Judges*.

_____

Appeal from denial of petitioner's motion for collateral relief under 28 U.S.C. § 2255.

We affirm.

> CHERYL J. STURM, Chadds Ford, Pa., *for Petitioner*.
>
> KEVIN O'CONNOR, U.S. Attorney for the District of Connecticut; HAROLD H. CHEN and WILLIAM J. NARDINI, Assistant U.S. Attorneys, *for Respondent*.

_____

CALABRESI, *Circuit Judge*:

Petitioner Robert Vadas appeals the district court's denial of his petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence of imprisonment. Vadas claims constitutionally ineffective assistance by two successive attorneys.

## I. BACKGROUND

On June 3, 1999, Vadas was charged in a Superseding Indictment with involvement in a large-scale drug operation.[1] *See United States v. Rudolfo Segura et al.* (99-cr-85); *United States v. Robert Vadas, a.k.a. "Bahama Bob," et al.* (99-cr-1113). From June through August 1999, Attorney Francis O'Reilly, who was appointed by the court, represented Vadas. On August 23, 1999, the district court granted Vadas's motion for leave to have Attorney Richard Wynn appear pro hac vice and O'Reilly was relieved as defense counsel.

The June 3 Superseding Indictment ("Indictment I") charged Vadas with conspiracy to possess with intent to distribute, and to distribute, more than 500 grams of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846. Because Vadas had been convicted of a felony drug offense prior to the commission of the offenses charged in Indictment I, he faced an enhanced

---

[1] Vadas's first indictment in this matter charging various drug offenses was filed on May 6, 1999. The Superseding Indictment – filed on June 3, 1999 – added the count of possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g). Changes between the May 6 initial indictment and June 3 Superseding Indictment are immaterial to the instant challenge. The focus of Vadas's collateral attack is the impact of the U.S. Attorney's subsequent filing of a Second Superseding Indictment and Amended Second-Offender Information.

statutory minimum sentence under 21 U.S.C. § 841(b). But a court may not impose such an enhanced sentence unless the government files – before trial or the entry of a guilty plea – an information with the court specifying in writing the earlier convictions upon which the enhancement rests. 21 U.S.C. § 851. According to petitioner, the government informed Vadas's counsel on November 1, 1999, and again on March 2, 2000 that Vadas had a prior felony conviction and that the prosecution intended to file a prior-felony information under § 851.

On April 19, 2000, the government filed a Second-Offender Information pursuant to § 851. This information constituted the required notice that petitioner had sustained a prior-felony narcotics conviction and therefore was subject to an enhanced mandatory minimum sentence. Without the prior conviction, Vadas's charge for conspiracy to possess and distribute more than 500 grams of cocaine (but less than 5 kg) would have entailed a *five*-year mandatory minimum sentence, but § 841 provides that, subject to § 851 notice, the existence of a prior conviction requires that a minimum *ten*-year sentence be imposed for violations, like the one here charged, that involve 500 grams of cocaine. This Second-Offender Information stated:

> The penalty for a violation of 21 U.S.C. § 841(a)(1) and 846 . . . is a sentence of a term of imprisonment which *may not be less than five years* . . . , if the offense involves more than 500 grams of cocaine. See 21 U.S.C. § 841(b)(1)([B]). However,
> [i]f any person commits such a violation after a prior conviction for a felony drug offense [has] become final, such person shall be sentenced to a term of imprisonment which *must not be less than ten years* . . . .

(emphasis added).

Subsequently, on January 5, 2001, the government filed a *Second Superseding Indictment* ("Indictment II"), charging Vadas with, in relevant part:

> COUNT 1: Conspiring "to possess with intent to distribute and to distribute fifty (50) grams or more of cocaine base and five (5) kilograms or more of cocaine, Schedule

3

II controlled substances, contrary to . . . Section 841(a)(1) and Section 841(b)(1)(A)."

COUNT 13: Possessing "with the intent to distribute *more than 500 grams of* . . . cocaine, a Schedule II controlled substance."

COUNT 17: ". . . having previously been convicted of a crime punishable by a term of imprisonment exceeding one year [for the] sale of narcotics, . . . knowingly and intentionally possess[ing] . . . a firearm . . . ."

COUNT 18: ". . . knowingly us[ing] and possess[ing] firearms . . . during, in relation to, and in furtherance of, a drug trafficking crime, that is, a conspiracy to possess with the intent to distribute, and the distribution of cocaine . . . in violation of . . . §§ 841(a)(1) and 846, as more specifically set forth in Count One of this Indictment."

And on March 15, 2001, the government filed an "Amended Second-Offender Information" pursuant to § 851, "placing the defendant on notice that he is subject to enhanced mandatory minimum penalties if he is convicted of a narcotics offense in the referenced matters." Referencing Indictment II Count One (violations of §§ 841(a)(1) and 846 with respect to more than 5 kilograms of cocaine), the Amended Second-Offender Information stated:

The penalty for a violation of 21 U.S.C. § 841(a)(1) and 846 . . . is a sentence of a term of imprisonment which *may not be less than ten years* . . . if the offense involves more than 5 kilograms of cocaine. See 21 U.S.C. § 841(b)(1)(A).
However,
[i]f any person commits such a violation after a prior conviction for a felony drug offense [has] become final, such person shall be sentenced to a term of imprisonment which *must not be less than twenty years* . . . .
. . . .

As the defendant was convicted of a felony drug offense prior to the commission of the offenses charged in the indictments in this case, and the amount of cocaine that is attributable and reasonably foreseeable to the defendant in this offense exceeds 5 kilograms, *the defendant is on notice that he faces a mandatory minimum twenty year term of imprisonment* as provided by 21 U.S.C. § 841(b)(1)(A) in the event of a conviction on the drug offense charged in Count One of the *Second* Superseding indictment . . . .

(emphasis added).

4

Vadas entered a guilty plea pursuant to a written plea agreement on April 3, 2001. The agreement stated, in relevant part:

> Robert Vadas agrees to plead guilty to Counts One and Nineteen of the Second Superseding Indictment in this matter charging him, respectively, with conspiracy to possess with intent to distribute more than 5 kilograms of cocaine in violation of . . . §§ 841([b])(1)(A) and 846, and criminal forfeiture. *The defendant and the government agree that the defendant is responsible for more than 500 grams, but less than 5 kilograms of cocaine,* thereby constituting a lesser-included offense to the charge contained in Count One of the second superseding Indictment . . .
>
> . . . .
>
> In exchange for the plea, . . . *[t]he government also agrees to withdraw the Amended Second Offender Notice Information filed March 15, 2001 pursuant to . . . Section 851.*
>
> . . . .
>
> This offense carries a . . . *mandatory minimum penalty of ten years imprisonment* . . . .

(emphasis added). In the plea colloquy Judge Burns recited the terms of the plea agreement, including the government's withdrawal of the Amended Second-Offender Information. And Vadas consented.

On this basis, the district court sentenced Vadas to a term of imprisonment of ten years, followed by six-years' supervised release. In May 2002, on grounds other than those forming the basis of the instant petition, Vadas appealed the court's sentence. We affirmed. *See United States v. Williams*, 90 F. App'x 412, 414 (2d Cir. 2004). Thereafter, in July 2004, Vadas filed a motion for relief under 28 U.S.C. § 2255. The district court denied Vadas's motion but issued a certificate of appealability.[2]

---

[2] The Certificate of Appealability granted to Vadas was limited to "the question of the continued viability of a Second Offender Information filed in connection with an indictment after the withdrawal of an Amended Second Offender Information which was filed after the return of a superseding indictment to which defendant pleaded." In his appeal, Vadas raises various questions of ineffective assistance of counsel that relate to the Second Offender Information question. We construe his notice of appeal as a request to expand the Certificate of Appealability granted by the district court to encompass these questions, and we grant that request with respect to both of Vadas's

On appeal, Vadas asserts two grounds for his § 2255 claim of ineffective assistance. First, he contends that Attorney O'Reilly failed to inform him correctly of the effective terms of the government's initial plea offer. Second, he argues that Attorney Wynn's representation was constitutionally deficient because Wynn failed to object to Vadas's enhanced sentence of ten years' imprisonment despite the government's withdrawal of the Amended Second-Offender Information. That withdrawal, Vadas maintains, reduced the § 841 and § 846 mandatory minimum sentence facing him from ten years' imprisonment to five years' imprisonment.

In response, the government states that it did not agree, and never would have agreed, to a plea implicating a mandatory minimum sentence of only five years' imprisonment. The government also contends that the original, not withdrawn, Second-Offender Information filed in April 2000 remained valid, despite the withdrawal of the Amended Second-Offender Information. The *amended* notification was needed, and filed, only to support Vadas's mandatory-minimum sentence of *twenty* years for conviction of Count One of the Second Superseding Indictment, and had no effect on the validity of the earlier one.

We hold that Vadas's petition fails because the original Second-Offender Information filed on April 19, 2000 complied with the express requirements and the underlying purposes of § 851 and § 841, and that his attorneys were in no way deficient in representing him.

---

ineffective assistance of counsel claims as detailed in the text immediately following this note. *See* Fed. R. App. P. 22(b)(2) (permitting notice of appeal to be treated as request for a certificate of appealability addressed to judges of the court of appeals).

## II. DISCUSSION

Petitioner claims that his attorneys' failure to focus on (a) the non-existence, and (b) the invalidity, of enhancement notifications deprived him of the constitutional right to effective assistance of counsel. To prove his claim, Vadas must meet two conditions. First, he must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" under the "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, he must show a "reasonable probability" that absent counsel's error, the outcome of the proceeding would have been different. *Id.* at 687-88.[3]

### (1) *Claim of Ineffective Assistance by Attorney O'Reilly*

Vadas alleges that his first counsel, Attorney O'Reilly, was constitutionally deficient in failing to advise him that he was subject to a mandatory minimum sentence of only five years' imprisonment and not to the ten-year mandatory minimum set forth in the government's first plea offer. Petitioner claims that O'Reilly incorrectly informed him concerning that plea offer which was made around June 1999. Vadas asserts that, because the government had not yet filed the § 851

---

[3] In the district court, Vadas stated two grounds in support his § 2255 petition:

A. Ground One: The conviction was obtained and sentence imposed in violation of the Sixth Amendment Right to Counsel, and the right to Effective Assistance of Counsel at all critical stages of the proceedings.

B. Ground Two: The sentence was imposed in violation of the due process and equal protection components of the due process clause of the Fifth Amendment to the Constitution of the United States.

On appeal Vadas's brief makes only the claim that he was denied the effective assistance of counsel and seems to abandon any independent due-process argument. In any event, both of his original grounds for § 2255 relief depend on Vadas's claim that the sentence enhancement was in violation of § 851's notice requirement.

Second-Offender Information in support of the enhanced minimum term of ten years' imprisonment, he was not yet facing a ten-year minimum sentence as his lawyer allowed him to believe.

According to Vadas, O'Reilly communicated the following plea offer:

On June 29, 1999, I spoke by telephone with the [Assistant United States Attorney] Robert Appleton who forwarded the following plea offer:

(1) Plead Guilty to Court [sic] One of the Superseding Indictment, conspiracy to distribute cocaine . . . .

(2) Plead guilty to County Twenty of the Superseding Indictment [forfeiture of home.]

In return for the plea of guilty to the above charge, the Government will agree to dismiss the Count Two [firearm possession in violation of § 922(g)(1)] and dismiss the Second Conspiracy Indictment involving conspiracy to distribute cocaine. The Government will also agree to stipulate that the amount of cocaine attributable to you is between 500 grams and five kilograms in order to limit your exposure to a ten year minimum mandatory prison sentence. (note: the government reserves the right to ask for a sentence to be imposed according to the sentencing guidelines.) The government will also agree to drop all of the other charges in the superseding indictment.

But for O'Reilly's misinformation, Vadas claims he would have pled guilty and faced only a five-year sentence:

As of June 30, 1999, the prosecution had not filed a prior felony information under 21 U.S.C. 851. Accordingly, the mandatory minimum term for a conspiracy involving 500 grams of cocaine was 5 years' imprisonment and not ten years' imprisonment. *The exaggeration of the maximum* [sic] *sentence caused Vadas to reject the early plea, and was the foundation for ineffectiveness claim against Mr. O'Reilly.*

(emphasis added).

Vadas has not shown that O'Reilly's representation was constitutionally deficient. The government's initial plea offer included a stipulation that the amount of cocaine attributable to Vadas would be assessed at between 500 grams and 5 kilograms. This — should a § 851 notice be timely filed — would expose Vadas to a ten-year mandatory minimum sentence. Hence, the government's plea offer! And O'Reilly was not deficient in conveying it to him precisely as made. Nor did

O'Reilly's failure to object to that plea offer constitute representation below an objective standard of reasonableness. Section 851 does not require that notice be filed at the time a plea offer is made. It bars sentence enhancement for a drug offense under § 841(b) only if no notice is filed "*before trial, or before entry of a plea of guilty*." The government complied with this requirement by filing the Second-Offender Information one year prior to the entry of Vadas's guilty plea.

Nothing in the record suggests the government ever extended a plea offer that would have included only a five-year mandatory minimum sentence. To the contrary, by Vadas's own statement, Assistant United States Attorney Appleton had informed Vadas's counsel both by letter and through court filings – on November 1, 1999, March 2, 2000, April 19, 2000, March 15, 2001, and March 23, 2001 – well before the plea offer was made, of his intention to seek sentence enhancement for Vadas's prior conviction.

Under the circumstances, Vadas has failed to show that O'Reilly violated either of the *Strickland* standards. O'Reilly's failure to point out that the government's plea offer had *not yet* complied with the requirements of § 851, but intended to do so in a timely manner, was neither below an objective standard of reasonableness, nor prejudicial to Vadas.

### (2) *Claim of Ineffective Assistance by Attorney Wynn*

Vadas's claim of ineffective assistance by Attorney Wynn involves a question of first impression: Whether the filing and later withdrawal of an *Amended* Second-Offender Information rendered null and void the originally filed Second-Offender Information. Vadas contends that the government's agreement "to withdraw the Amended Second-Offender Notice Information filed

March 15, 2001 pursuant to Title 21, United States Code, Section 851," "reduces the mandatory minimum from ten years to five years." On this basis, he asserts that Attorney Wynn erred by failing to argue at sentencing that petitioner was subject to no more than a five-year mandatory-minimum sentence. To our knowledge, no court of appeals has previously addressed this precise question.[4]

Section 851 establishes that a penalty enhancement of the sort involved in this case is barred *unless* the Second-Offender Information is filed before the trial or before the entry of a plea agreement. It is beyond dispute that a Second-Offender Information was filed before the entry of Vadas's plea agreement. The instant petition implicates the validity of that notice only insofar as we must determine, for purposes of the first prong of the *Strickland* test, whether Attorney Wynn's performance was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. We abide by a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as there are "countless ways to provide effective assistance in any given case." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689).

We hold that the filing of an amended second-offender information under § 851 did not extinguish the previously filed second-offender information. The validity of a Second-Offender Information required by § 851 must be evaluated in light of the purposes of § 851, which are quite distinct from those that underlie the requirement of an indictment in a criminal offense. Section

---

[4]

Vadas claims support in the well-established principle that "an amended complaint supersedes the original one rendering the original complaint null and void,"(citing *Davenport v. Saint Mary Hospital*, 633 F. Supp. 1228 (E.D. Pa. 1986)), and in the principle that ambiguities in the plea agreement should be "resolved in favor of the defendant."(citing *Innes v. Dalsheim*, 864 F.2d 974 (2d Cir. 1988). As *Davenport* addresses only civil complaint pleadings and *Innes* concerns plea agreement ambiguities, neither case is germane.

851's notice requirement reflects, essentially, two goals, first "to allow the defendant to contest the accuracy of the information," and second "to allow defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." *United States v. Williams,* 59 F.3d 1180, 1185 (11th Cir. 1995) (citing *United States v. Johnson*, 944 F.2d 396 (8th Cir.), *cert. denied*, 502 U.S. 1008 (1991)). Indeed, the provision was enacted "to fulfill the due process requirements of reasonable notice and an opportunity to be heard with regard to the prior conviction." *United States v. Mayfield*, 418 F.3d 1017, 1020 (9th Cir. 2005).

Not surprisingly, numerous courts in analogous circumstances have held that a Second-Offender Information, once properly filed, remains valid despite events that occur later during the prosecution of a criminal case. Thus, in *United States v. Williams,* the Eleventh Circuit Court of Appeals considered whether the government failed to meet its penalty-enhancement notice requirement because it did not *refile* the information in the retrial of a defendant after his conviction had been reversed. 59 F.3d at 1185-86. Noting that "[c]learly the information was filed 'before trial,'" the court concluded that "once the information was filed, it was not necessary that it be refiled for each consecutive trial in the same court":

> The same attorney represented Williams at all three trials, knew that the information had been filed, knew about the prior conviction, which was admitted, and had addressed that prior conviction at the sentencing in the first trial. The defendant knew the effect of such enhancement and knew the consequences of a guilty verdict . . .
>
> . . . The established purposes of the filing and service are fully met upon the first filing and service, at least where the case involves the same attorneys, the same court, and the same indictment.

*Williams*, 59 F.3d at 1185.

Similarly, in evaluating situations like superseding indictments, retrials, and multiple trials in the same case, several of our sister circuits have found that a second information is not needed. *See United States v. Cooper*, 461 F.3d 850, 854 (7th Cir. 2006) ("The two purposes of the Section 851 notice provision are: (1) to allow the defendant to contest the accuracy of the prior conviction . . . and (2) to ensure the defendant has full knowledge of a potential guilty verdict."); *Mayfield*, 418 F.3d at 1020 ("[T]he government is not required to refile a section 851(a) information and again give the required notice prior to a defendant's retrial . . . ."); *see also United States v. Lincoln*, 165 F. App'x 275, 277 (4th Cir. 2006) (per curiam) ("The purpose of the § 851 provisions is to provide notice to a defendant prior to trial . . . such that the defendant has the opportunity to contest the accuracy of the information and to allow the defense sufficient time to understand the full consequences of a guilty plea or verdict").

The Tenth Circuit stated the point particularly well when, in *United States v. Wright*, it rejected defendants' contention that the district court lacked subject-matter jurisdiction to enhance their sentences because, although the government filed an information subsequent to a first indictment, the government had failed to file another information after the filing of a superseding indictment. 932 F.2d 868, 882 (10th Cir. 1991), *overruled on other grounds by United States v. Flowers*, 464 F.3d 1127 (10th Cir. 2006). Addressing that issue as one of first impression, the court concluded:

> Under the circumstances of this case, we hold that the filing of the information after the initial indictment was sufficient. By filing an information noting its intention to seek an enhanced sentence, the Government complied with the letter and the spirit of the law. The statute mandates that the information be *filed before trial* – this was done. The purpose of the statute is to give defendants an opportunity to show they had not been previously convicted of those crimes subjecting them to increased penalties.

12

*Id*.; *see also Cooper*, 461 F.3d at 853-54.

In the case before us, too, there can be no doubt that the filing of the April 2000 Second-Offender Information provided Vadas with notice that was adequate to allow him to accept (or to prepare to challenge) a sentence enhancement based on a previous conviction. It likewise fully informed the court of the need to fulfill its responsibilities under § 851(b).[5] By filing the first notice one year before Vadas's entry of a guilty plea, the government provided petitioner with ample opportunity to investigate and contest the accuracy of the information. Vadas stated that he knew that he was subject to a mandatory minimum ten-year sentence on account of a prior felony drug conviction, the validity of which he has never challenged. Similarly, the district court and the government at all times understood that Vadas's sentence under a plea agreement required no less than a ten-year term of imprisonment because of the existence of a prior felony. And the court explained that fact to the defendant. Thus, the purposes of § 851 were fulfilled through the original filing of the information, and we hold that this filing remained effective.

But that is not the only reason why Vadas's petition fails. Had his lawyer, Wynn, challenged the proposed sentence, the government could have withdrawn the plea offer now under scrutiny and returned to the charges that could have carried a twenty-year minimum sentence. Under the

---

[5] Section 851(b) states:

Affirmation or denial of previous conviction

(1) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

circumstances, his failure to challenge the ten-year minimum sentence must be viewed as both strategic and wise, and as such, it certainly "do[es] not show incompetence," *United States v. Vegas*, 27 F.3d 773, 777 (2d Cir. 1994), under *Strickland*.

### III. CONCLUSION

Vadas has not demonstrated that either of his attorneys performed below the prevailing professional standards, and he equally has failed to show that any of their alleged errors, considered individually and in the aggregate, prejudiced him. Accordingly, the district court's denial of his petition is AFFIRMED.