# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

No. 05-10445
Summary Calendar

TERRENCE L SWANSON

Plaintiff-Appellant

v.

ANDREA PEREZ, Officer, Family Violence Division; WILLIAM
EVERETT, Detective, Family Violence Unit; CITY OF DALLAS;
UNKNOWN DALLAS POLICE TACTICAL OFFICERS; STEVEN
EISENBERG; ET AL

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1536-M

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terrence L. Swanson, Texas prisoner # 1036801, moves this court for leave to proceed in forma pauperis (IFP) on appeal following the district court's partial grant of summary judgment for Everett and Perez on his civil rights claims and judgment following a jury trial on his Fourth Amendment claim against Perez.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We construe Swanson's IFP motion as a challenge to the district court's determination that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Swanson argues that 1) he should have been allowed to include the City of Dallas as a defendant, 2) the district court erred in granting summary judgment for Perez and Everett on his malicious prosecution claims, and 3) he was entitled to a new trial because he has shown a manifest error of fact.

Because counsel on Swanson's behalf filed an amended complaint which did not name the City of Dallas as a defendant, Swanson has not identified a nonfrivolous issue with respect to his argument that the district court should have allowed him to include the City of Dallas as a defendant. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

We review de novo the district court's grant of summary judgment. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The evidence is considered in the light most favorable to the nonmoving party; however, once the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden shifts to the nonmoving party "to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

In Castellano v. Fragozo, 352 F.3d 944, 945 (5th Cir. 2003) (en banc), this court held that there is no "freestanding constitutional right to be free from malicious prosecution." To establish a malicious criminal prosecution claim under Texas law, a plaintiff must establish, among other things, the absence of

probable cause for the proceedings. Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997). Under Texas law, probable cause is "'the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor [complainant], that the person charged was guilty of the crime for which he was prosecuted.'" Id. (quoting Akin v. Dahl, 661 S.W.2d 917, 921 (Tex. 1983)). Swanson did not meet his burden of establishing a genuine issue of material fact as to probable cause in initiating the prosecutions for aggravated kidnaping, aggravated assault, and retaliation. See Richey, 952 S.W.2d at 517; Clark, 110 F.3d at 297. Thus, summary judgment was proper.

Swanson argues that there was a manifest error of fact at his trial, which resulted in the jury's verdict in Perez's favor. The district court construed Swanson's post-judgment letter as a motion for a new trial under FED. R. CIV. P. 59 and also as a renewed motion for judgment as a matter of law (JML) under FED. R. CIV. P. 50. A FED. R. CIV. P. 59(a) motion for new trial ordinarily is not appealable in the absence of new matters arising post-judgment. Youmans v. Simon, 791 F.2d 341, 349 (5th Cir. 1986). Swanson does not argue that he is entitled to a new trial based on newly discovered evidence. To the extent that Swanson is appealing the denial of a motion for new trial under Rule 59(a), the denial is not appealable. See Youmans, 791 F.2d at 349.

A JML under FED. R. CIV. P. 50(a) is appropriate when "'a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" Hodges v. Mack Trucks Inc., 474 F.3d 188, 193 (5th Cir. 2006) (quoting Rule 50(a)). Swanson does not contend that based on the evidence heard at trial, the jury's verdict lacked a sufficient evidentiary basis. He has not shown error in the district court's denial of a JML. See FED. R. CIV. P. 50(a).

To the extent that Swanson's motion can be construed as a FED. R. CIV. P. 59 (e) motion, "[a] motion to alter or amend judgment must clearly establish

3

either a manifest error of law or fact or must present newly discovered evidence." Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotation marks and citation omitted). Such motions cannot be used to invoke arguments which were available prior to judgment and should have been made before the judgment issued and cannot be used to raise a new legal theory of the case. Id. Here, Swanson has presented no newly discovered evidence, and he raises arguments that clearly were available to him prior to judgment--his challenge is to counsel's presentation of the case to the jury, arguing that counsel failed to honor his requests that the jury be presented with certain evidence and failed to conduct the trial in accord with his theory of the case. To the extent that Swanson's argument implies a claim of ineffective assistance of counsel, any claim of ineffective assistance of counsel is frivolous as there is no right under the Sixth Amendment to effective assistance of counsel in civil cases. See Sanchez v. U.S. Postal Service, 785 F.2d 1236, 1237 (5th Cir. 1986). The district court did not abuse its discretion in denying Swanson relief under Rule 59(e) because he failed to demonstrate a manifest error of fact. See Ross, 426 F.3d at 763 .

Swanson has failed to establish that he seeks to present a nonfrivolous issue for appeal. Accordingly, his motion for IFP is denied, his motion for trial transcripts and exhibits at government expense also is denied, and the appeal dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Swanson has two prior strikes. See Swanson v. Walker, No. 02-11257 (5th Cir. Mar. 20, 2003) (unpublished). He is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION FOR IFP DENIED; MOTION FOR TRIAL TRANSCRIPT AND EXHIBITS AT GOVERNMENT EXPENSE DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.