Linda GLASS, Plaintiff,

v.

THE KELLOGG COMPANY Bakery, Confectionery, Tobacco Workers and Grain Millers Pension Plan, Defendant.

No. 1:08–CV–302.

United States District Court,
W.D. Michigan,
Southern Division.

July 29, 2008.

Terrence J. Lilly, Kalamazoo, MI, for Plaintiff.

Mark S. Allard, Varnum Riddering Schmidt & Howlett LLP, Grand Rapids, MI, for Defendant.

---

368

### Order

PAUL L. MALONEY, Chief District Judge.

### Denying As Moot Defendant's Motion to Dismiss the Original Complaint

This is an action under the Employee Retirement Income Security Act ("ERISA"). In April 2008, plaintiff Linda Glass ("Glass") filed the original complaint, and defendant The Kellogg Company Bakery, Confectionery, Tobacco Workers and Grain Millers Pension Plan ("the Plan") moved to dismiss the complaint. On July 21, 2008, the parties filed a joint stipulation seeking to allow Glass to amend her complaint; the stipulation was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, who granted Glass leave to amend and accepted the amended complaint for filing.

■ "[O]nce accepted, an amended complaint replaces the original." *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982) (White, J., concurring in part & dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ.). The filing of the amended complaint "render[s] the original complaint null and void...." *Vadas v. US*, 527 F.3d 16, 22 n. 4 (2d Cir.2007) (adopting party's quotation from district court decision).[1]

■ Because the original complaint has been superseded and nullified, there is no longer a live dispute [2] about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot. *See Cedar View, Ltd. v. Colpetzer*, 2006 WL 456482, *5 (N.D.Ohio Feb. 24, 2006) (Ann Aldrich, J.) (the "earlier motion to dismiss ... and motion for judgment on the pleadings ... are denied as moot, as they refer to a version of the complaint that has since been replaced...."); *Ky. Press Ass'n, Inc. v. Ky.*, 355 F.Supp.2d 853, 857 (E.D.Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir.2000)), *app. dis.*, 454 F.3d 505 (6th Cir.2006).[3]

Accordingly, the defendant's motion to dismiss the original complaint [Doc # 2] is **DENIED as moot.**

**IT IS SO ORDERED.**

---

1. *Accord Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n. 2 (1st Cir.2007) ("[Plaintiff's] amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case.") (citation omitted);

   *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir.2001) (amended pleading renders original pleading of no effect);

   *Swanson v. Perez*, 250 Fed.Appx. 596, 597 (5th Cir.2007) ("An amended complaint supersedes the original complaint and renders it of no legal effect ....") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994));

   *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000) (same);

   *Enderwood v. Sinclair Broadcast Group, Inc.*, 233 Fed.Appx. 793, 800 (10th Cir.2007) ("an amended complaint ordinarily supercedes the original complaint and renders it of no legal effect") (quoting *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991)).

2. *Cf. May v. Sheahan*, 226 F.3d 876, 879 (7th Cir.2000) ("If these subsequent amended complaints have, in fact, superseded May's original amended complaint, the present appeal would be moot because there would no longer be a live dispute over whether Sheahan is entitled to qualified immunity based on the allegations in the Amended Complaint.").

3. *See also ComputerEase Software, Inc. v. Hemisphere Corp.*, 2007 WL 852103, *1 (S.D.Ohio Mar. 19, 2007) ("Since the amended complaint replaces the original complaint, the motion to dismiss the original complaint is moot...."); *Scuba v. Wilkinson*, 2006 WL 2794939, *2 (S.D.Ohio Sept.27, 2006) ("Since the amended complaint replaces the original complaint, the motions to dismiss the original complaint are moot."); *Weiss v. Astellas Pharma US, Inc.*, 2006 WL 1285406, *1 n. 1 (E.D.Ky. May 10, 2006) (following amendment, motions to dismiss were moot).

   *Tatum v. R.J. Reynolds Tobacco Co.*, 2007 WL 1612580, *4 (M.D.N.C. May 31, 2007) ("Because the First Amended Complaint was superseded by the Second Amended Complaint, all other pending motions were denied as moot.");