15-2992
United States v. Strong, Jr.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2016

(Submitted: November 15, 2016          Decided: December 20, 2016)

Docket No. 15-2992-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

WILLIE STRONG, JR., AKA BOURNE GRIMEY, AKA BG, AKA WILLIE
STRONG,

*Defendant-Appellant.**

_____

Before:

KEARSE, LOHIER, and DRONEY, *Circuit Judges.*

Willie Strong, Jr. appeals from a judgment of conviction entered by the United States District Court for the Northern District of New York (Suddaby, C.J.), following his plea of guilty to a drug conspiracy count. Prior to the guilty plea, the Government filed a prior felony information, pursuant to 21 U.S.C. § 851, alleging that Strong was previously convicted of a drug felony under State law. After Strong admitted to the fact of the prior conviction, the District Court sentenced him principally to the mandatory minimum term of 120 months' imprisonment. On appeal, Strong argues that the prior felony information was procedurally deficient because it was not personally signed

---

* The Clerk of Court is directed to amend the official caption to conform with the above.

by the United States Attorney, and that the filing of the information violated his constitutional rights.  We **AFFIRM**.

Carla Freedman, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee* United States of America.

Devin McLaughlin, Langrock Sperry & Wool LLP, Middlebury, VT, *for Defendant-Appellant* Willie Strong, Jr.

PER CURIAM:

Defendant-appellant Willie Strong, Jr. appeals from a judgment of conviction entered by the United States District Court for the Northern District of New York (Suddaby, C.J.), following his plea of guilty to a drug conspiracy count.  Prior to the guilty plea, the Government filed a prior felony information, pursuant to 21 U.S.C. § 851, alleging that Strong was previously convicted of a drug felony under the New York State Penal Law.  After Strong admitted to the fact of the prior conviction, the District Court sentenced him principally to the mandatory minimum term of 120 months' imprisonment. On appeal, Strong argues that the prior felony information was procedurally deficient because it was not personally signed by the United States Attorney,

and that the Government violated his constitutional rights by filing the information.  We **AFFIRM**.

**BACKGROUND**

According to the Presentence Investigation Report (PSR) adopted by the District Court at sentencing, Strong was a founding member of a gang based in Syracuse, New York and a mid-level drug dealer.  He and twelve other co-defendants were arrested in the summer of 2014 and charged in a single-count indictment with conspiracy to possess with intent to distribute and to distribute cocaine base and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  The indictment alleged that Strong, over the course of the charged conspiracy, was responsible for distribution of at least 28 grams of cocaine base and at least 100 grams of heroin.  As a result of the single charge against him, Strong faced a mandatory minimum sentence of 60 months' imprisonment.

On November 24, 2014, the Government filed a prior felony information pursuant to 21 U.S.C. § 851.  The information notified Strong that the Government intended to seek an enhanced penalty by relying on Strong's previous conviction, entered on July 21, 2006, in Onondaga County Court, for

3

criminal sale of a controlled substance in the third degree, a felony under the New York State Penal Law. Strong did not object at that time to the filing of the information, even though the prior felony enhancement doubled his mandatory minimum sentence to 120 months' imprisonment, which also represented his sentencing range under the Guidelines. See U.S.S.G. § 5G1.1(b) (providing that if "a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").

Strong subsequently pleaded guilty to the drug conspiracy charge and also admitted to the fact of his prior State felony conviction. At sentencing, the District Court imposed a sentence principally of 120 months' imprisonment followed by eight years of supervised release.

This appeal followed.

**DISCUSSION**

Strong makes two arguments on appeal, one statutory and one constitutional.

## 1. Statutory Argument

First, Strong argues that the prior felony information was procedurally defective because it was signed not by "the United States attorney," 21 U.S.C. § 851(a)(1) (emphasis added), but by an Assistant United States Attorney (AUSA). Strong failed to advance this argument before the District Court. But because we discern neither error nor prejudice to Strong, we "do not decide" whether "only plain error review is available where the defendant has not objected to § 851 procedural deficiencies below." United States v. Espinal, 634 F.3d 655, 665 n.7 (2d Cir. 2011).

There was no cognizable defect in the prior felony information filed against Strong. Section 851 provides that a person who has been convicted cannot be sentenced to increased punishment on the basis of prior convictions "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court." 21 U.S.C. § 851(a)(1) (emphasis added). Strong's information was filed by the United States Attorney for the Northern District of New York, though it was signed by an AUSA. The statute does not prohibit an AUSA with delegated authority from signing the information on behalf of the United States Attorney. Moreover, the United

5

States Attorneys' Manual authorizes this very type of delegation to AUSAs. See United States v. Hawthorne, 235 F.3d 400, 404 (8th Cir. 2000); cf. UNITED STATES ATTORNEYS' MANUAL § 9-27.300(B) (requiring "[e]very prosecutor" to file a provable § 851 information unless, *inter alia*, the United States Attorney or other supervisory AUSA agrees not to file). In holding that the United States Attorney need not personally sign a prior felony information and that an AUSA may do so, we join our sister Circuits that have considered the issue. See United States v. Jackson, 544 F.3d 1176, 1183–84 (11th Cir. 2008), abrogated on other grounds by United States v. DiFalco, 837 F.3d 1207 (11th Cir. 2016); United States v. Dusenbery, 78 F. App'x 443, 451 (6th Cir. 2003) (unpublished decision); Hawthorne, 235 F.3d at 404 ("[A]n information signed by an Assistant United States Attorney is adequate for the purpose of 21 U.S.C. § 851(a)(1) . . . .").

Nor, in any event, has Strong demonstrated that he was prejudiced by the fact that an AUSA rather than a United States Attorney signed the information. He does not dispute that he received adequate notice of the Government's intent to rely on his prior conviction and understood the consequences of admitting to the prior conviction. See United States v. Vadas,

6

527 F.3d 16, 23 (2d Cir. 2007) (noting that the purpose of § 851 is "to allow the defendant to contest the accuracy of the information, and . . . to allow defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict").  Even if the information were defective, therefore, the defect would not require vacating the sentence.  See Espinal, 634 F.3d at 665 ("[T]here is no reason why non-prejudicial errors in complying with the procedural requirements of § 851 should require reversal."); United States v. Harwood, 998 F.2d 91, 101 (2d Cir. 1993).

2.  Constitutional Argument

Strong also argues that the Government unconstitutionally contravened an internal Department of Justice policy memorandum, which lists factors relevant to the Government's decision to seek a prior felony enhancement.  By its terms, though, the memorandum does not confer any substantive rights upon defendants or impose a constitutional standard upon the courts.  Such a memorandum is "merely an internal guideline for exercise of prosecutorial discretion, not subject to judicial review."  United States v. Ng, 699 F.2d 63, 71 (2d Cir. 1983); cf. United States v. Canori, 737 F.3d 181, 183–85 (2d Cir. 2013);

7

United States v. Kelly, 147 F.3d 172, 176 (2d Cir. 1998) ("As a general rule, non-compliance with internal departmental guidelines is not, of itself, a ground of which defendants can complain.  Such guidelines provide no substantive rights to criminal defendants." (quotation marks omitted)).  Without more, we are not persuaded that the Government exercised its prosecutorial discretion in an unconstitutional manner.  See United States v. Armstrong, 517 U.S. 456, 464–66 (1996); United States v. Sanchez, 517 F.3d 651, 671–72 (2d Cir. 2008).

**CONCLUSION**

We have considered Strong's other arguments and conclude that they are without merit.  The judgment of the District Court is **AFFIRMED**.