NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0467n.06

No. 13-1879

**FILED**
***Jun 30, 2014***
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,                  )
                                         )
                                         )    ON APPEAL FROM THE UNITED
v.                                       )    STATES DISTRICT COURT FOR
                                         )    THE WESTERN DISTRICT OF
MARCUS DELANE ZOLICOFFER,                )    MICHIGAN
                                         )
    Defendant-Appellant.                 )
                                         )
_____  )

BEFORE: ROGERS and COOK, Circuit Judges; MURPHY, District Judge[*]

PER CURIAM. Defendant-Appellant Marcus Delane Zolicoffer was convicted of conspiracy to distribute 280 grams or more of cocaine base, 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii). He now brings this timely appeal, arguing: (1) the evidence was insufficient to convict him; (2) there was prosecutorial vindictiveness in the filing of a 21 U.S.C. § 851 information regarding a prior felony drug conviction; and (3) the district court erred by considering the earlier conviction without having found the fact of the conviction beyond a reasonable doubt. For the following reasons, we affirm the district court's judgment in full.

Zolicoffer was indicted for engaging in a conspiracy with Jerry Boss to distribute crack cocaine in and around Traverse City, Michigan, from early 2008 to early 2009. Boss testified at trial that he first met Zolicoffer in 2008 and, shortly thereafter, met with him to discuss the possibility of dealing

---

[*] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

crack cocaine in Traverse City. Boss testified that he was to travel to Traverse City with "maybe" one-half to one ounce of crack and deliver the crack to Zolicoffer, who would then sell it to customers in Traverse City. (R. 65, Trial Transcript Vol. I, 124-27, ID 440-43.) Boss started meeting regularly with Zolicoffer, roughly twice a month, from 2008 to 2009. Generally, Boss would deliver only enough crack for Zolicoffer to meet his orders. If Zolicoffer ran out, he would contact Boss and arrange to purchase more. The trips resulted in the movement and sales of at least five hundred grams of crack.

Several of Zolicoffer's associates and crack cocaine customers also testified. Connie Lowe testified that she helped Zolicoffer distribute drugs from her house and vehicle, and that she saw Zolicoffer meet frequently with Boss at her house. (*Id.* at 93-98, ID 409-14.) Ashley Braden testified that, while staying at Lowe's house in 2008 and 2009, she witnessed Boss and Zolicoffer in the house together while Zolicoffer sold crack. (R. 66, Trial Transcript Vol. II, 205-06, ID 523-24.) Randall Bembeneck testified that he witnessed Zolicoffer, Boss, and Lowe selling crack out of Lowe's house in December of 2008. (*Id.* at 195-96, ID 513-14) Rachel Oblinsky testified that she was asked to drive Boss, Zolicoffer, and a third person to Grand Rapids for the purpose of purchasing crack. At their request, she personally carried possibly more than fifty grams of crack on her body during the trip back. (*Id*. at 222-27, ID 540-45).

After plea negotiations ended, but before trial, the prosecutor filed an information under 21 U.S.C. § 851, giving notice of Zolicoffer's 1994 felony drug conviction for violating Mich. Comp. Laws § 333.7401(2)(a)(iv). (R. 39, § 851 Information, ID 158-59.) During the trial, after the government rested, Zolicoffer moved for a judgment of acquittal under Criminal Rule 29, and the district court denied the motion. (R. 66, Trial Tr. II at 249-53, ID 567-71.) The jury convicted

Zolicoffer on February 5, 2012. The sentencing guidelines, which took into account Zolicoffer's prior felony drug conviction, recommended a minimum of 240 months in prison. The district court sentenced Zolicoffer to 240 months in prison. (R. 67, Trial Transcript Vol. III 6, 15, ID 641, 650.)

I.    Sufficiency of the Evidence

Zolicoffer challenges the sufficiency of the evidence to convict him of the conspiracy charge. He argues that, while the evidence admittedly shows that he bought and sold a large amount of cocaine, there was not enough evidence to prove a conspiracy between him and Boss. Zolicoffer submits that the evidence shows that the two maintained a merely transactional relationship.

We review a district court's determination for the sufficiency of evidence at trial de novo. *United States v. Carson*, 560 F.3d 566, 579 (6th Cir. 2009). To show insufficiency of evidence is a "very heavy burden" for a defendant to bear. *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007) (quoting *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002)). On review, "a court must decide whether, viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The reviewing court may not "weigh the evidence, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Jackson*, 470 F.3d 299, 309 (6th Cir. 2006) (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)).

To prove a conspiracy under § 846, the government must show "(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Gibbs*, 182 F.3d 408, 420 (6th Cir. 1999) (quoting *United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996), *cert. denied*, 519 U.S. 1134 (1997)). "[A] defendant's knowledge of and

participation in a conspiracy may be inferred from his conduct and established by circumstantial evidence." *United States v. Warman*, 578 F.3d 320, 333 (6th Cir. 2009) (citing *United States v. Martinez*, 430 F.3d 317, 331 (6th Cir. 2005)) (internal quotation marks omitted).

When proving a conspiracy to distribute drugs, "a buyer-seller relationship alone is insufficient to tie a buyer to a conspiracy because mere sales do not prove the existence of the agreement that must exist for there to be a conspiracy." *United States v. Deitz*, 577 F.3d 672, 680 (6th Cir. 2009) (internal quotation marks omitted). But a jury may infer the existence of a conspiracy based on "additional evidence, beyond the mere purchase or sale." *Id*. For example, "'evidence of repeat purchases provides evidence of more than a mere buyer-seller relationship,' and the quantity of drugs may also support an inference of conspiracy." *Martinez*, 430 F.3d at 333 (quoting *United States v. Brown*, 332 F.3d 363, 373 (alteration omitted) (6th Cir. 2003)).

The evidence at trial was sufficient to prove a conspiracy between Zolicoffer and Boss. It showed that Zolicoffer, at a minimum, met with Boss multiple times for more than a year to purchase drugs from Boss to resell in the Traverse City area, had a regular and long-standing arrangement with Boss to purchase crack cocaine in large quantities, sold crack out of Connie Lowe's house with Boss at least once, and went on at least one trip with Boss to Grand Rapids for the purpose of purchasing crack cocaine. The long-standing arrangement with Boss to purchase and resell cocaine on a scheduled basis, along with the fact that he and Boss sold and purchased drugs together, is sufficient for a rational trier of fact to conclude that Zolicoffer and Boss had a mutual agreement to sell drugs. *See, e.g.*, *United States v. Pritchett*, 749 F.3d 417, 431 (6th Cir. 2014) (defendant regularly purchased and traded drugs for over a year with co-conspirators and others); *Martinez*, 430 F.3d at 333 (defendant regularly purchased cocaine from co-conspirator and traveled with another co-conspirator

to purchase drugs).

Zolicoffer also argues the evidence was insufficient to show that he had engaged in a conspiracy to distribute 280 grams or more. Taken in the light most favorable to the government, Boss's testimony shows that Zolicoffer and Boss themselves exchanged more than 500 grams of cocaine. There was sufficient evidence for the jury to convict Zolicoffer of the charge.

II.    Prosecutorial Vindictiveness

Zolicoffer argues the prosecutor's filing of the § 851 information regarding his prior felony drug conviction was an act of prosecutorial vindictiveness to "punish" him for not accepting the plea bargain. He admits the issue was not raised before the district court (Appellant Br. at 17), but argues that the filing of the information constitutes plain error. *See United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004) (review of an issue not raised first before the district court is for plain error).[1]

The "Due Process Clause is not offended by all possibilities of increased punishment . . . but only by those that pose a realistic likelihood of vindictiveness." *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (quoting *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)) (internal quotation marks omitted). To show "actual vindictiveness," a defendant must show "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," *id*. (quoting *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003)) (internal quotation marks omitted), or present sufficient evidence to create a "presumption of vindictiveness" by examining the "realistic

_____

[1] The government argues that by agreeing in court with the sentencing guideline calculation, Zolicoffer waived any sentencing-related argument, including the propriety of the § 851 information. *See United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (waiver is the "intentional relinquishment or abandonment of a known right") (quoting *United States v. Olano*, 507 U.S. 725, 732–33 (1993)). We need not reach the question because, even under plain error analysis, Zolicoffer has not shown error.

likelihood of vindictiveness" and focusing "on the prosecutor's 'stake' in deterring the exercise of a protected right and the unreasonableness of his actions," *id.* (quoting *Dupree*, 323 F.3d at 489).

Zolicoffer has made a bare allegation of prosecutorial vindictiveness. He has not presented any direct or objective evidence to show the prosecutor acted vindictively. Nor has he presented evidence sufficient to raise a presumption of vindictiveness. First, he has not shown how the prosecutor had any special stake in the proceeding beyond getting Zolicoffer to plead guilty. *See Dupree*, 323 F.3d at 489 ("[T]he [Supreme] Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forego his right to plead not guilty.") (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). Second, he has not shown how the prosecutor acted unreasonably in filing the § 851 information. Zolicoffer argues that the U.S. Attorney's Office for the Western District of Michigan does not file an § 851 information in every drug case. (Appellant Br. at 21.) But this does not raise an inference of misconduct. The statute does not compel the government to file the information in every case, and indeed, the passage of § 851 "*created* prosecutorial discretion." *United States v. Branham*, 97 F.3d 835, 848 (6th Cir. 1996) (italics added); *see generally United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001) ("[I]f the [additional] charges are brought simply as the result of failure of the plea bargaining process, they are not vindictive.") (citing *Bragan*, 249 F.3d at 481-82). The prosecutor also timely filed the § 851 information: the statute only requires filing "before trial, or before entry of a plea of guilty," *see* 21 U.S.C. § 851(a)(1)*,* and the prosecutor did that here. Accordingly, there was no plain error in the filing of the § 851 information.

III.     Consideration of Prior Drug Conviction

Zolicoffer argues the district court erred when it considered his prior felony drug conviction in its sentencing guideline calculations without having found the fact of the prior conviction beyond a reasonable doubt. He argues the fact of prior conviction increased his sentencing guideline calculation and, under the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it should have been proven beyond a reasonable doubt. He acknowledges, as he must, that *Apprendi* specifically exempted facts of prior criminal convictions under the rule in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *Apprendi*, 530 U.S. at 490 ("[W]e need not revisit [*Almendarez-Torres*] for purposes of our decision today."); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (stating the same). He states he raises the issue "to preserve it for further review." (Appellant Br. at 24.) The district court did not err by following the law as set forth by the Supreme Court when considering the prior felony drug conviction.

Accordingly, the district court's judgment is affirmed.