**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4299**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

AUSTIN KYLE LEE, a/k/a Justin,

Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:18-cr-00153-FL-1)

---

Argued:  May 5, 2023                                      Decided:  April 30, 2024

---

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by published opinion.  Judge Rushing wrote the opinion, in which Judge Benjamin and Senior Judge Keenan joined.

---

**ARGUED:**  Nicholas James Giles, MCGUIREWOODS, LLP, Richmond, Virginia, for Appellant.  Lucy Partain Brown, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  George E. Rudebusch, Richmond, Virginia, Sean A. McClelland, MCGUIREWOODS LLP, Washington, D.C.; Arin Melissa Brenner, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

RUSHING, Circuit Judge:

A jury found Austin Kyle Lee guilty of numerous federal drug and firearm offenses. A judge found additional facts that increased Lee's mandatory minimum sentence for those crimes. On appeal, Lee argues that this judicial factfinding violated his Sixth Amendment right to a jury trial. The Government agrees but contends that the district court's procedural error was harmless because proof of the relevant facts was overwhelming and uncontroverted. Because any error was harmless, we affirm the district court's judgment.

I.

After serving more than four years in a New York prison for selling cocaine, Lee was released in late 2015. He moved to North Carolina and resumed selling drugs. A search of his residences ultimately revealed distribution quantities of a fentanyl–heroin mixture, cocaine, and marijuana; handguns and ammunition; packaging material; and over $200,000 in cash.

A federal grand jury returned a superseding indictment charging Lee with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); three counts of distributing heroin between October 2016 and February 2018, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Four); possession with intent to distribute 100 grams or more of heroin and quantities of marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Five); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Six); and possession of a firearm by a felon, in violation of 18

U.S.C. §§ 922(g)(1) and 924 (Count Seven).  In connection with Counts One and Five, the indictment further alleged that Lee had a prior conviction for a "serious drug felony" for which he served more than twelve months' imprisonment, from which he was released within fifteen years of commencing the instant offenses.  J.A. 38–40.  If proven, Lee's prior serious drug felony conviction would trigger a higher statutory sentencing range pursuant to 21 U.S.C. § 841(b)(1)(A) and (B).  Lee's appeal exclusively challenges the procedure the district court used to determine whether the serious drug felony enhancement applied.[1]

## A.

Section 841(b)(1)(A) and (B) each increase the applicable mandatory minimum sentence when a defendant commits certain drug crimes "after a prior conviction for a serious drug felony . . . has become final."[2]  21 U.S.C. § 841(b)(1)(A), (B).  A "serious drug felony" is (1) "an offense described in section 924(e)(2) of Title 18" for which the defendant (2) "served a term of imprisonment of more than 12 months" and (3) was released "within 15 years of the commencement of the instant offense."  21 U.S.C. § 802(57).  Section 924(e)(2) includes, as relevant here, "an offense under State law,

---

[1] Lee also submitted a motion to file a pro se supplemental brief raising other issues. Because Lee is represented by counsel who has filed a merits brief, he is not entitled to file a pro se supplemental brief.  *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011).  Accordingly, we deny his motion.

[2] Before the First Step Act of 2018, this enhancement hinged on whether the defendant had a prior conviction for a "felony drug offense," which meant a drug crime punishable by more than a year in prison.  21 U.S.C. § 802(44); First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2), 132 Stat. 5194, 5220–5221 (2018).  The First Step Act narrowed the enhancement by substituting "serious drug felony or serious violent felony" in place of "felony drug offense."  § 401(a)(2), 132 Stat. at 5220–5221.

involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The serious drug felony enhancement increases the mandatory minimum sentence for a Section 841(b)(1)(A) offense like Count One from 10 years to 15 years and, for a Section 841(b)(1)(B) offense like Count Five, increases the sentencing range from 5 to 40 years to 10 years to life.

Another statutory provision, Section 851, sets forth the procedure for determining whether a prior conviction triggers the sentencing enhancement. *See* 21 U.S.C. § 851. Section 851 requires the Government, before trial or a guilty plea, to file a notice identifying the prior conviction on which it relies for the enhancement. *Id.* § 851(a)(1). "[A]fter conviction but before pronouncement of [the] sentence," the district court must inquire whether the defendant "affirms or denies that he has been previously convicted" as the notice alleges. *Id.* § 851(b). If the defendant denies any allegation in the notice or claims the prior conviction is invalid, he files a written response. *Id.* § 851(c)(1). The district court then must conduct an evidentiary hearing "to determine any issues raised by the response which would except the person from increased punishment," and that hearing "shall be before the court without a jury." *Id.* The Government has "the burden of proof beyond a reasonable doubt on any issue of fact," save for challenges to the constitutionality of the prior conviction. *Id.* § 851(c)(1)–(2). After the hearing, "the court determines" whether the defendant "is subject to increased punishment by reason of [the] prior conviction[]" and "shall enter findings of fact and conclusions of law" at the request of either party. *Id.* § 851(c)(1), (d)(1).

4

B.

In accordance with Section 851, the Government filed a notice of its intent to seek an increased penalty based on Lee's prior conviction for a serious drug felony, namely, his conviction for selling cocaine in violation of New York Penal Law § 220.41. It included a certificate of disposition from the New York Supreme Court confirming Lee's conviction and sentence as well as a certificate of incarceration from the New York State Department of Corrections and Community Supervision specifying the dates of Lee's incarceration and release. The Government also submitted documents demonstrating that, with Lee's criminal history, his New York offense carried a maximum sentence of at least ten years.

Both Lee and the Government contended that it was for the jury—not the judge—to decide the facts necessary to establish the serious drug felony enhancement. In particular, they asserted that the jury must decide whether Lee had served more than 12 months in prison for the New York offense and whether he was released within 15 years of commencing the federal offenses. The district court disagreed and rejected the parties' proposed jury questions about the serious drug felony elements. In the court's view, Section 851 assigned responsibility for finding all facts necessary to impose the serious drug felony enhancement exclusively to the judge, not the jury, and that assignment did not run afoul of Lee's constitutional right to a jury trial. *See United States v. Lee*, No. 7:18-CR-153-FL-1, 2021 WL 640028 (E.D.N.C. Feb. 18, 2021).

Although the jury was not asked to decide the duration or recency of Lee's imprisonment for the New York drug offense, related evidence was introduced at trial as part of proving his felon status for purposes of the firearm charge. For example, the

5

Government introduced as Exhibit 83 a certified copy of Lee's New York indictment and certificate of disposition showing that he was convicted in 2011 of criminal sale of a controlled substance and sentenced to six years in prison. Exhibit 84 was the New York certificate of incarceration showing that Lee was incarcerated from January 10, 2011, to December 23, 2015, when he was conditionally released on parole. Lee's North Carolina probation officer testified that she began supervising him in December 2015 when he was released from prison and his supervision was transferred from New York. And Lee himself testified that he was released from prison in New York at the end of 2015, after serving "about five years" for selling cocaine. J.A. 749.

The jury convicted Lee on all counts, and the district court scheduled a Section 851 hearing. Before the hearing, Lee filed a pro se submission (despite being represented by counsel) claiming that his New York conviction had been vacated based on a motion he filed in state court in July 2020. At the hearing, Lee's counsel "persist[ed] in" that position but did not "have any documentation to show that the judgment was vacated." J.A. 984–985. The Government presented argument on each element of the serious drug felony enhancement, relying on evidence presented at trial and noting that the New York certificate of disposition was certified by the clerk of court in January 2021.

The district court found the Government had proved beyond a reasonable doubt that Lee had a prior conviction for a serious drug felony. *See United States v. Lee*, No. 7:18-CR-153-FL-1, 2021 WL 1108586 (E.D.N.C. Mar. 23, 2021). First, the court determined that Lee's New York conviction qualified as an offense "described in section 924(e)(2)," 21 U.S.C. § 802(57), because it involved distributing a controlled substance and the

6

maximum term of imprisonment was ten or more years.  The court rejected Lee's "bare assertion" that his conviction had been vacated because he offered "no evidence" to support it and the Government's evidence showed the New York court certified his conviction as of January 2021.  *Lee*, 2021 WL 1108586, at *4.  Second, the district court found that Lee served "more than four years" in prison for the offense, well exceeding the twelve-month threshold for a serious drug felony.  *Id.* at *3.  Third, the court found that Lee was released from prison on the New York offense "within 15 years of the commencement of the instant offense," in fact "within one year at the earliest and three years at the latest."  *Id.*  As a result, the court concluded that Lee was subject to the statutorily mandated increased punishment for Count One, under Section 841(b)(1)(A), and for Count Five, under Section 841(b)(1)(B).

The district court sentenced Lee to 340 months' imprisonment—280 months on Counts One through Five to be served concurrently, 120 months served concurrently for Count Seven, and 60 months served consecutively for Count Six—all to be followed by ten years' supervised release.  Lee timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

## II.

The Sixth Amendment to the United States Constitution entitles a person accused of a crime to a trial by jury.  U.S. Const. amend. VI.  "'[F]acts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime," and thus, the Sixth Amendment guarantees defendants "the right to have a jury find those facts beyond a reasonable doubt."  *Alleyne v. United States*, 570 U.S. 99, 111 (2013)

7

(quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). This includes facts that increase the statutory maximum or the mandatory minimum. *Id.* at 111–112. The Supreme Court has recognized one "narrow exception" to this rule: a judge may find "the fact of a prior conviction" even when that finding increases a defendant's statutory sentencing exposure. *Id.* at 111 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *Apprendi*, 530 U.S. at 490 (same); *see also Mathis v. United States*, 579 U.S. 500, 511 (2016) ("[O]nly a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction.").

The district court concluded that the serious drug felony determination fell within this exception for the fact of a prior conviction. *See Lee*, 2021 WL 640028, at *4 (citing *Almendarez-Torres*, 523 U.S. at 230). Lee disagrees. He argues that the serious drug felony enhancement required proof of three facts. *See* 21 U.S.C. § 802(57). The first—that he had a prior conviction for an offense described in Section 924(e)(2)—could be found by the judge without a jury consistent with *Almendarez-Torres*. But the other two facts—that he served more than 12 months in prison and was released within 15 years of the commencement of the instant offenses—must be found by a jury because they are not encompassed within the fact of the prior conviction. The duration and recency of his imprisonment, Lee argues, were not "necessarily established" by his prior conviction or found by a prior jury. *United States v. Dean*, 604 F.3d 169, 172 (4th Cir. 2010) (internal quotation marks omitted). Far from "inher[ing] in the fact of [his] conviction," *United States v. Thompson*, 421 F.3d 278, 283 (4th Cir. 2005), these facts can only be determined by events occurring *since* that conviction. *See United States v. Fields*, 53 F.4th 1027, 1037–

8

1038 (6th Cir. 2022) (finding this argument "persuasive" but declining to "definitively decide this constitutional issue" because the district court in that case submitted the duration and recency questions to the jury).

The Government agrees with Lee's argument this far but observes that the constitutional error—like most trial errors—is subject to harmless error review. *See Washington v. Recuenco*, 548 U.S. 212, 222 (2006); *Neder v. United States*, 527 U.S. 1, 7 (1999). Under that standard, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). When a district court fails to submit a sentencing factor to the jury, we will disregard the error only if "proof of the missing element is 'overwhelming' and 'uncontroverted.'" *United States v. Legins*, 34 F.4th 304, 322 (4th Cir.), *cert. denied*, 143 S. Ct. 266 (2022) (quoting *Neder*, 527 U.S. at 17–18); *see also United States v. Catone*, 769 F.3d 866, 874 (4th Cir. 2014) ("An *Apprendi* error is harmless 'where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error.'" (quoting *Neder*, 527 U.S. at 17)). The Government says that standard is satisfied here.

We agree with the Government. Assuming, without deciding, that the district court erred by deciding for itself the duration and recency of Lee's prior incarceration as necessary to establish the serious drug felony enhancement, rather than submitting those questions to the jury, that error was harmless. Both elements were "uncontested and supported by overwhelming evidence." *Neder*, 527 U.S. at 17. Regarding duration, Lee did not contest at the Section 851 hearing, and does not contest on appeal, that he served

9

more than 12 months in prison for his prior offense. Exhibit 84 reflects that he was incarcerated for over four years, and Lee himself testified at trial that he served "about five years" in prison. J.A. 749. As for recency, Lee again did not and does not dispute that the instant offenses commenced within 15 years of his release from prison. The conspiracy and possession crimes of Counts One and Five began in 2018 at the latest. Exhibit 84 shows that Lee was released from prison in December 2015, and at trial he and his parole officer both testified that he was released in late 2015. It is therefore "clear beyond a reasonable doubt that a rational jury would have found [Lee] guilty" had these two elements been submitted to it. *Neder*, 527 U.S. at 18; *see Legins*, 34 F.4th at 324.

Lee counters that he *did* contest the Government's proof by asserting at the Section 851 hearing that his prior conviction had been vacated. But Lee's vacatur argument addresses the fact of his prior conviction, a fact that he concedes the judge may decide so long as *Almendarez-Torres* remains good law. It has no bearing on the duration and recency questions he claims were erroneously withdrawn from the jury.

## III.

Any procedural error in the district court's determination that the serious drug felony enhancement applied to increase Lee's statutory sentencing range was harmless. Lee concedes that, under existing law, the judge could decide the fact of his prior conviction without a jury. And the Government's proof of the other two elements— concerning the duration and recency of his incarceration for that offense—was overwhelming and uncontroverted. The judgment of the district court is

*AFFIRMED*.

10