RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

AARON LOINES,

        *Defendant-Appellant.*

> No. 24-4056

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:23-cr-00631-4—Benita Y. Pearson, District Judge.

Decided and Filed:  January 21, 2026

Before:  GILMAN, GRIFFIN, and MURPHY, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Richard P. Kutuchief, THE KFARM, Coventry Township, Ohio, for Appellant. Payum Doroodian, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

MURPHY, Circuit Judge.  The federal drug laws increase a defendant's minimum sentence for a new drug offense if the defendant had a prior "serious drug felony" conviction that had "become final" before the defendant committed that new offense.  21 U.S.C. § 841(b)(1). A previous crime can qualify as a "serious drug felony" only if the defendant "served" at least "12 months" in prison and was released "within 15 years" of the current offense.  *Id.* § 802(58).

In this case, the district court found as a fact that Aaron Loines's prior federal drug offense met these elements.  It thus imposed the statutory enhancement when sentencing Loines

for new drug crimes. Loines now challenges that decision on several grounds, claiming that the Constitution required a jury to make the necessary findings, that the government acted arbitrarily and vindictively by requesting the enhancement, and that his prior conviction was not "final" when he committed his current crimes. But any error in failing to submit the issue to a jury was harmless. His challenges to the government's decision to ask for this enhancement also cannot rebut our presumption that it properly exercised its prosecutorial discretion. And Loines misunderstands what it takes to make a conviction "final." Lastly, our precedent forecloses his separate challenge to the district court's use of a career-offender enhancement. We thus affirm.

I

In November 2022, officers began to investigate a drug-dealing ring centered on a certain street in Cleveland, Ohio. Over the next year, they set up multiple controlled buys from the conspirators. Wiretaps revealed that Loines sold fentanyl pills as part of the conspiracy. He supplied over a thousand pills to an undercover agent in October 2023 and again in November 2023. After the second buy, officers found illegal narcotics in several homes. They also uncovered drugs (including over 500 fentanyl pills) in Loines's car when they arrested him on November 13.

The next month, the government charged Loines and other conspirators with a single count of conspiring to distribute controlled substances. It also alleged that Loines had committed a prior "serious drug felony" within the meaning of 21 U.S.C. §§ 802(58) and 841(b)(1). This allegation stemmed from a conviction back in April 2023—just months before Loines joined the conspiracy. At that time, the district court convicted him of another federal drug offense and sentenced him to time served. As the government later explained at Loines's arraignment, this previous offense increased his statutory minimum amount of imprisonment from 5 years to 10 years.

In early 2024, the government filed a superseding indictment that added dozens of counts against the various conspirators. In addition to the overarching drug conspiracy, this indictment charged Loines with two drug-distribution counts, three drug-possession counts, and one facilitation count. It also mentioned Loines's prior serious drug felony again.

A short time later, Loines decided to plead guilty to all the charged counts without a plea agreement. Just before Loines's change-of-plea hearing, the government formally notified Loines under 21 U.S.C. § 851 that it would seek the enhanced 10-year statutory minimum based on his previous serious drug felony. With notice of this increased punishment, Loines still chose to plead guilty to all counts without a plea agreement.

Before sentencing, Loines objected to various enhancements that the presentence report proposed. Of most note, he raised several challenges to the enhancement under 21 U.S.C. § 841(b)(1) for his prior federal drug offense. He claimed that § 851's procedures for imposing the enhancement violated the Constitution because they required a judge, not a jury, to identify critical facts necessary for the enhancement. He also claimed that the enhancement should not apply because his prior offense had yet to reach finality when he committed his current crimes. And he claimed that the Department of Justice's policies barred the enhancement.

These objections led the district court to hold an evidentiary hearing. *See* 21 U.S.C. § 851(c)(1). It later issued a written opinion overruling Loines's objections and applying the enhancement. *See United States v. Loines*, 2024 WL 4792083, at *6 (N.D. Ohio Nov. 13, 2024). The court rejected Loines's claim that the Constitution required a jury to find the facts required for a prior conviction to trigger the serious-drug-felony enhancement. *Id.* at *4–5. It next held that Loines's prior conviction in April 2023 had become final before he committed the current offenses. *Id.* at *5. And although the court criticized the government for failing to adequately explain why it sought the enhancement under the Department of Justice's policies, it held that it could not control this prosecutorial discretion. *See id.* at *1–4. So Loines's statutory minimum sentence jumped to 10 years' imprisonment. *See* 21 U.S.C. § 841(b)(1).

At sentencing, the district court rejected Loines's other challenge to the career-offender enhancement in U.S.S.G. § 4B1.1(a). He had claimed that a prior Ohio drug-trafficking conviction did not qualify as a "controlled substance offense" for this enhancement. *See id.* § 4B1.2(b). And according to Loines, the statutory minimum (120 months) would become his guidelines sentence if he were not a career offender. But the district court found that Sixth Circuit precedent precluded this argument. The career-offender enhancement thus raised his guidelines range to 262 to 327 months' imprisonment. Still, the court chose to vary downward.

It sentenced Loines to a total punishment of 160 months' imprisonment for all counts.  Loines appealed.

## II

Loines renews his challenge to the statutory and career-offender enhancements.  But any potential error in imposing the statutory enhancement was harmless, and the district court properly applied the career-offender enhancement under our precedent.

### A. Statutory Enhancement

The provision of the federal drug laws at issue here increases a defendant's minimum punishment from 5 years to 10 years if the defendant committed a drug offense "after a prior conviction for a serious drug felony . . . has become final[.]"  21 U.S.C. § 841(b)(1)(B).  Those laws define the phrase "serious drug felony" to mean (among other things) a "serious drug offense" under 18 U.S.C. § 924(e)(2) that meets certain conditions.  21 U.S.C. § 802(58); *United States v. Fields*, 53 F.4th 1027, 1031 (6th Cir. 2022).  The defendant must have "served a term of imprisonment of more than 12 months" for this prior crime.  21 U.S.C. § 802(58)(A).  And the defendant's "release from any term of imprisonment" for the offense must have been "within 15 years of the commencement of the" current crime.  *Id.* § 802(58)(B).

In § 851, the federal drug laws identify the procedures for imposing this enhancement.  The government must file "an information" that seeks it.  *Id.* § 851(a)(1).  The defendant may then deny that the enhancement applies in a response.  *Id.* § 851(c)(1).  If the defendant does so, the court must "hold a hearing to determine any issues raised by the response which would except the person from increased punishment."  *Id.*  This hearing occurs "before the court without a jury," and the parties may introduce evidence on the relevant issues.  *Id.*  If the court ultimately finds that the prior conviction triggers the enhancement, the court must impose it.  *Id.* § 851(d)(1).

The district court in this case held the type of hearing that § 851 contemplated.  It found that Loines's federal drug conviction from April 2023 met all the conditions to qualify as a "serious drug felony" and to increase his minimum sentence from 5 years to 10 years.  Loines

mounts several challenges to this finding. He contests the constitutionality of § 851's procedures, argues that the government arbitrarily sought the enhancement, raises a claim of vindictive prosecution, and disputes the finality of his prior drug offense. We will consider each claim in turn.

1. *Section 851's Constitutionality*. Loines first argues that § 851's procedures violate the Constitution because the statute tells district judges to decide—"without a jury"—whether a prior offense meets all the serious-drug-felony requirements. *Id.* § 851(c)(1). He might have a valid point. But we need not resolve this constitutional issue in this case because any error in failing to submit factual questions to a jury did not harm him.

The Supreme Court has interpreted the Fifth and Sixth Amendments to establish a general rule: juries (not judges) must find any fact that increases a defendant's punishment (including the defendant's mandatory minimum sentence) using the beyond-a-reasonable-doubt standard. *See Erlinger v. United States*, 602 U.S. 821, 837 (2024); *Alleyne v. United States*, 570 U.S. 99, 103 (2013). Does this rule cover the question whether a defendant has committed a prior "serious drug felony" within the meaning of the drug laws? It is debatable. *See Fields*, 53 F.4th at 1036–38.

On the one hand, the Supreme Court has long recognized a narrow "exception" to its general rule requiring jury findings of fact. *Erlinger*, 602 U.S. at 837. Under that exception, a judge may find "the fact" that a defendant has "a prior conviction" even when that finding will increase the defendant's punishment. *Id.* (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 246–47 (1998)). In other words, a judge may find as a fact the statutory offense (including the offense's elements) that a court previously convicted the defendant of. *Id.* at 838 (citation omitted). And the enhancement in Loines's case does depend on the fact of a prior conviction. *Cf. United States v. Williams*, 2024 WL 712470, at *4 (6th Cir. Feb. 21, 2024); *United States v. Brown*, 2023 WL 1861318, at *8–9 (6th Cir. Feb. 9, 2023); *United States v. Rodriguez*, 851 F.3d 931, 945 (9th Cir. 2017); *United States v. Smith*, 451 F.3d 209, 224 (4th Cir. 2006).

On the other hand, the Supreme Court has repeatedly made clear that this prior-conviction exception has a narrow scope. *See Erlinger*, 602 U.S. at 838 & n.2; *Jones v. United*

*States*, 526 U.S. 227, 248–49 & n.10 (1999).  Most recently, it held that a jury must decide whether a defendant committed three prior felonies "on separate occasions" from each other—a fact critical to triggering the Armed Career Criminal Act's enhancement.  *See Erlinger*, 602 U.S. at 825, 835.  The Court reasoned that this separate-occasions inquiry goes beyond determining the prior "crime" of conviction or the "elements" of that crime.  *Id.* at 838–39.  And in the current context, a judge cannot determine whether a prior conviction qualifies as a "serious drug felony" unless the judge resolves other post-conviction facts—such as the amount of time that a defendant "served" in prison and whether the government released the defendant "within 15 years" of the current offense.  21 U.S.C. § 802(58); *cf. United States v. Guyton*, 144 F.4th 449, 466–67 (3d Cir. 2025).

Ultimately, we need not decide whether the Fifth and Sixth Amendments require a jury to find these facts.  *See Fields*, 53 F.4th at 1037–38.  Even if a constitutional violation occurred, it would have been harmless.  As we have explained for the "separate occasions" question under the Armed Career Criminal Act, a district court's unconstitutional refusal to send "a sentencing factor to the jury" does not require automatic reversal.  *United States v. Campbell*, 122 F.4th 624, 630 (6th Cir. 2024) (quoting *Washington v. Recuenco*, 548 U.S. 212, 218, 222 (2006)).  Rather, a court may uphold a conviction despite this defect if the government proves "beyond a reasonable doubt that" this error would not have changed the "outcome" of the case.  *Id.* (citation omitted).  And for harmless-error purposes, we see no difference between the facts necessary to enhance a sentence under the Armed Career Criminal Act and those necessary to enhance it under the federal drug laws.  *See United States v. Lee*, 100 F.4th 484, 489–90 (4th Cir. 2024).

The conclusion that harmless-error review can apply leads to two other questions.  Question One: What test should govern this harmless-error inquiry?  The inquiry might change depending on whether the defendant stood trial or pleaded guilty.  *See Greer v. United States*, 593 U.S. 503, 508 (2021); *United States v. Bradley*, 2025 WL 2658388, at *2 (6th Cir. Apr. 17, 2025); *see also United States v. Brown*, 136 F.4th 87, 96–97 (4th Cir. 2025).  Should we ask whether the government showed beyond a reasonable doubt that a defendant still would have pleaded guilty if the district court had "correctly" explained that the defendant had a jury-trial right for the facts that triggered the statutory enhancement?  *Greer*, 593 U.S. at 508.  Or should

we ask whether the government showed beyond a reasonable doubt that no jury could have "rationally" made a "contrary finding" over the critical fact used to impose the enhancement? *United States v. Thomas*, 142 F.4th 412, 418 (6th Cir. 2025). Because Loines pleaded guilty, the government may well have to prove the former test. But the parties did not brief this issue, and the government can prove either test here. So we need not choose between them. *See Bradley*, 2025 WL 2658388, at *2.

Question Two: What materials may we use to undertake this harmlessness analysis? Our caselaw on the harmlessness inquiry in the separate-occasions context answers this question. There, we explained that courts may consider "all 'relevant and reliable information' in the 'entire record,'" including the sentencing materials on which the district court relied to find the key facts. *Campbell*, 122 F.4th at 633 (quoting *Greer*, 593 U.S. at 510–11). Courts thus may examine the facts in the defendant's presentence report, especially when the defendant does not object to those facts. *See Thomas*, 142 F.4th at 419; *Campbell*, 122 F.4th at 633. And they may examine the facts that a defendant concedes in "colloquies between a judge and the defendant." *Erlinger*, 602 U.S. at 839; *see Campbell*, 122 F.4th at 632–33.

These materials leave no doubt that the alleged error was harmless. According to Loines, the Constitution required a jury (not a judge) to resolve two factual questions for a conviction to qualify as a "serious drug felony": Did he "serve[] a term of imprisonment of more than 12 months" on his prior drug conviction from April 2023? 21 U.S.C. § 802(58)(A). And was his "release from [that] term of imprisonment . . . within 15 years of the commencement of" his current drug offenses? *Id.* § 802(58)(B).

But he never contested the *answers* to these questions. *Cf. Thomas*, 142 F.4th at 419; *Lee*, 100 F.4th at 489. Loines's presentence report and prison records indicated that the district court sentenced him to "time served" on this prior conviction, which ended up spanning about three years (well above 12 months). Rep., R.174, PageID 1816; Inmate Data, R.130-2, PageID 1074. And those documents showed that the federal government released Loines in April 2023—well within the required 15-year window. Inmate Data, R.130-2, PageID 1073. Loines admitted as much. At the § 851 hearing, he conceded that he served about "36 months" for his prior offense. Tr., R.133, PageID 1130. And at sentencing, he said he had been "recently

released" from that term of imprisonment. Sent. Tr., R.195, PageID 1999. Even his appellate brief says that he served 36 months on his prior offense and that he was still serving his two-year term of supervised release when he committed the current drug offenses. Appellant's Br. 16, 37. He also pleaded guilty after the prosecutor informed him that he would face the "enhanced penalties" that these facts would trigger. Plea Tr., R.78, PageID 574–76.

As a result, this alleged error (again, assuming it was error) was harmless beyond a reasonable doubt. We have no doubt that Loines would have still pleaded guilty if he had known that a jury (rather than a judge) must decide these facts. *See Greer*, 593 U.S. at 508. And we have no doubt that every rational juror would have answered these factual questions in a way that triggered the statutory enhancement. *See Thomas*, 142 F.4th at 418. So the "outcome" would have remained the same under any harmless-error test. *Campbell*, 122 F.4th at 630 (citation omitted).

2. *Prosecutorial Discretion.* Loines next argues that—as a matter of "what is fair and proper"—the government arbitrarily applied the statutory enhancement to him. Appellant's Br. 17. But this claim fails because prosecutors, not judges, control charging decisions, and Loines has not shown that the decision in his case violated any constitutional or statutory command.

The Supreme Court has long recognized that federal prosecutors have "broad discretion" in deciding what charges to bring once they have probable cause to believe that a defendant has committed a federal offense. *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n.11 (1982)). In the federal drug laws, Congress has also extended this discretion to the decision whether to seek a statutory enhancement for past criminal offenses. *See* 21 U.S.C. § 851(a)(1); *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 579 (2010); *United States v. LaBonte*, 520 U.S. 751, 761–62 (1997). And out of respect for the separation of powers, the judicial branch should generally presume that prosecutors have properly exercised this discretion, which falls within the executive branch's authority to faithfully execute the criminal laws. *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

But this discretion has both constitutional and statutory limits. As a constitutional matter, the equal-protection guarantee that the Supreme Court has read into the Fifth Amendment's Due

Process Clause forbids federal prosecutors from charging defendants for an "unjustifiable" reason like "race, religion, or other arbitrary classification." *Id.* (citation omitted); *see Wayte*, 470 U.S. at 608–09. And the process guarantee in that clause likewise requires federal prosecutors to give defendants sufficient notice that they intend to seek the statutory enhancement and an opportunity to object over whether it applies. *See United States v. King*, 127 F.3d 483, 488–89 (6th Cir. 1997); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). As a statutory matter, federal prosecutors must comply with the procedures listed in 21 U.S.C. § 851 to seek an enhancement. *See King*, 127 F.3d at 487. Among other things, the government must file the required "information" that alerts the defendant it will seek the enhancement either "before trial" or "before entry of a plea of guilty[.]" 21 U.S.C. § 851(a)(1). The notice must also state the previous conviction that supports the enhancement. *Id.*

Here, Loines argues that prosecutors "arbitrarily" sought this statutory enhancement, but he does not raise any traditional constitutional or statutory challenge. Appellant's Br. 19. To start, Loines asserts no viable equal-protection theory. For example, he does not allege that prosecutors sought the enhancement for an improper reason, such as his race or other personal trait. *Armstrong*, 517 U.S. at 464 (citation omitted). To be sure, he does highlight statistics allegedly showing that prosecutors seek the enhancement less often for "youthful offender[s]," and he points to his young age as a reason why he should not have received it. Appellant's Br. 22. To the extent he argues that prosecutors discriminated against him based on his age, he points to no evidence that they sought this enhancement "'because of,' not merely 'in spite of,'" his youth. *Wayte*, 470 U.S. at 610 (quoting *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). To the extent he alleges that prosecutors violated equal protection because they sought this enhancement against him and not similarly aged defendants, his conclusory statistics fall well short of rebutting "the presumption that a prosecutor has not violated equal protection" when charging a defendant. *Armstrong*, 517 U.S. at 465. He does not even explain what the governing equal-protection standards should be for this type of claim. Nor does he try to show that his circumstances make him "similarly situated" to the youthful defendants who avoided the enhancement—as compared to those who received it. *Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 602 (2008).

Next, Loines asserts no viable due-process theory. He had notice that the government would pursue this enhancement from the start. *See King*, 127 F.3d at 488. The government indicated that his prior federal drug conviction qualified as a "serious drug felony" in its original and superseding indictments. It also explained that the enhancement would apply at his original arraignment. And it did so again at his change-of-plea hearing. Next, Loines had an "opportunity to be heard" over the propriety of the enhancement. *Id.* (citation omitted). He argued against it at the evidentiary hearing that the court held to decide whether it should apply.

Lastly, Loines asserts no viable statutory theory. He suggests that the government delayed filing the required notice under § 851 until the morning that he pleaded guilty. But it still acted timely. Under the statute's plain text, the government must file the notice only "before entry of a plea of guilty"—a time limit that all agree it met here. 21 U.S.C. § 851(a)(1).

In response, Loines asks us to determine whether the statutory enhancement should apply by balancing the sentencing factors in 18 U.S.C. § 3553(a). But this subsection's language indicates that these factors regulate a district court when choosing a defendant's sentence after a conviction. *Id.* They do not regulate a prosecutor when choosing a defendant's charges before the conviction. So the section's restrictions on a *district court's* sentencing discretion are irrelevant to Loines's challenge to the *prosecutor's* charging discretion. *See United States v. Branham*, 97 F.3d 835, 847–48 (6th Cir. 1996).

Loines next suggests that the government's decision to seek the enhancement contradicted the Department of Justice's internal guidance. That guidance suggests that prosecutors should decline to file the enhancement when (among other things) the defendant's crime involved no violence or firearms, the defendant did not have a managerial role, and the defendant's criminal history did not include personal involvement in distributing large amounts of drugs. Even if this guidance applies despite Loines's two prior drug convictions, it does not grant him any enforceable rights. *See United States v. Strong*, 844 F.3d 133, 136 (2d Cir. 2016) (per curiam); *United States v. Johnson*, 628 F. App'x 124, 131 (3d Cir. 2015); *see also United States v. Santos*, 612 F. App'x 376, 377 (6th Cir. 2015) (per curiam); *United States v. Nagy*, 760 F.3d 485, 490 (6th Cir. 2014). The guidance merely channels prosecutorial discretion in the

executive branch; it does not provide a basis for a challenge in the judicial branch.  *See Strong*, 844 F.3d at 136.

At bottom, Loines makes a full-scale attack on the traditional discretion that prosecutors have exercised when deciding whether to seek a statutory enhancement.  Appellant's Br. 17.  But constitutional structure and judicial precedent alike require us to reject this attack.

3. *Vindictive Prosecution*.    Relatedly, Loines argues that the prosecutors acted vindictively because they sought the statutory enhancement to punish him for exercising his rights in a prior criminal case.  He did not assert this claim below, so we review it under the plain-error standard.  *See United States v. Young*, 847 F.3d 328, 361 (6th Cir. 2017).  And he has failed to establish any "error, let alone a plain one."  *United States v. Lear*, 90 F.4th 519, 531 (6th Cir. 2024).

The Due Process Clause bars federal prosecutors from "depriv[ing]" criminal defendants of their "liberty" without providing them "due process of law[.]"  U.S. Const. amend. V.  The Supreme Court has interpreted this text to bar prosecutors from vindictively punishing criminal defendants for exercising their legal rights.  *See Goodwin*, 457 U.S. at 372; *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).  So if the prosecution seeks a longer prison sentence on a retrial *because of* the defendant's successful appeal after the first trial, it would violate due process.  *See North Carolina v. Pearce*, 395 U.S. 711, 723–24 (1969).

But defendants often will have trouble proving that prosecutors harbored such a retaliatory motive.  After all, prosecutors routinely seek to impose punishment for a "legitimate" reason: because the defendant committed a crime.  *Goodwin*, 457 U.S. at 372–73.  The Court has thus sometimes relieved defendants of the burden to prove *actual* vindictiveness.  *See id.* at 373.  In some situations, it will "presume" that prosecutors acted with an "improper motive" when imposing more punishment after a defendant exercised a legal right.  *Id.*; *see Alabama v. Smith*, 490 U.S. 794, 798–99 (1989).  The Court applies this presumption if a "realistic likelihood of 'vindictiveness'" exists.  *Blackledge v. Perry*, 417 U.S. 21, 27 (1974).  It has found such a likelihood, for example, when prosecutors sought more serious charges after a defendant exercised his right to appeal a conviction for less serious ones.  *See id.* at 27–28.  And we have

found that such a likelihood existed when prosecutors charged a more serious crime after the defendant successfully moved to suppress key evidence. *See United States v. LaDeau*, 734 F.3d 561, 567–70 (6th Cir. 2013).

At the same time, the Court has made clear that this presumption of vindictiveness has a "limited" scope and that a defendant must prove actual vindictiveness when it does not apply. *See Smith*, 490 U.S. at 799. So it has refused to apply such a presumption when prosecutors brought more serious charges after the defendant refused to plead guilty and exercised his right to a jury trial. *See Goodwin*, 457 U.S. at 381–84. And we have held that the presumption does not apply when the government filed a notice seeking a statutory enhancement after the parties' plea negotiations collapsed and defendants chose to stand trial. *See Young*, 847 F.3d at 361–62; *United States v. Zolicoffer*, 570 F. App'x 540, 543–44 (6th Cir. 2014) (per curiam).

Applying these principles here, Loines argues that prosecutors sought the statutory enhancement on unconstitutional grounds: that he exercised his right to appeal in his earlier federal case. In that case, the district court first sentenced Loines to 93 months' imprisonment. *See United States v. Loines*, 56 F.4th 1099, 1105 (6th Cir. 2023). On appeal, however, we reversed the denial of his motion to suppress certain evidence. *See id.* at 1111. Loines pleaded guilty on remand, and the district court sentenced him to time served (about 36 months) in April 2023. According to Loines, the prosecutors in the current case sought the statutory enhancement because of his successful appeal in that earlier one. But he points to no proof that the prosecutors harbored *actual* vindictiveness against him because of this earlier appeal. Rather, he claims these facts trigger a presumption of vindictiveness.

He is mistaken. As a general matter, Loines cites no case in which a court has used a defendant's exercise of some legal right in an unrelated earlier case to presume that a prosecutor acted vindictively in a *second* case involving *new criminal conduct*. At most, we have suggested that a presumption might arise if prosecutors brought a perjury prosecution based on the defendant's testimony in an earlier case that ended in an acquittal. *See United States v. Eddy*, 737 F.2d 564, 571–72 (6th Cir. 1984). There, though, the second perjury prosecution grew out of the earlier case. *See id.* When, by contrast, the second case involves unrelated conduct, we see "good reason to be cautious before adopting an inflexible presumption of prosecutorial

vindictiveness[.]"    *Goodwin*, 457 U.S. at 381.    The second case's charges (and potential punishments) more likely arise from the prosecutor's analysis of the "nature and extent" of the new criminal conduct than from whatever rights the defendant exercised in the earlier case. *Smith*, 490 U.S. at 801.

As a specific matter, Loines has met neither of our requirements to trigger this presumption: that the prosecutor had a "stake" in discouraging him from exercising his legal rights and that the prosecutor acted in an "unreasonable" way.  *United States v. Howell*, 17 F.4th 673, 687 (6th Cir. 2021) (quoting *LaDeau*, 734 F.3d at 566).  For starters, what "stake" did the prosecutors in this case have in deterring Loines from exercising a legal right in the earlier case? *United States v. Andrew*, 633 F.2d 449, 454 (6th Cir. 1980) (en banc).  When they filed the current charges, the earlier case had been closed for months.  And the prosecutors had no need to deter any rights in the current case because they filed the § 851 notice after Loines had already expressed his intent to plead guilty to all charges.

Next, the prosecutors did not "unreasonabl[y]" seek the statutory enhancement.  *Howell*, 17 F.4th at 687 (quoting *LaDeau*, 734 F.3d at 566).  To the contrary, they reasonably sought greater punishment because Loines returned to drug trafficking only months after his release from prison.  A shorter sentence thus had not adequately deterred him.  And the prosecution's decision to file the § 851 notice against Loines but not against other defendants "does not raise an inference of misconduct" because discretion inheres in § 851.  *Zolicoffer*, 570 F. App'x at 544.

Loines responds by citing *LaDeau*.  There, the district court granted a defendant's motion to suppress.  *LaDeau*, 734 F.3d at 564.  The prosecution then filed a superseding indictment charging a more serious crime based on evidence it had in its possession from the beginning.  *Id.* at 564–65.  We found that it had a "stake" in the defendant's exercise of his rights because the suppression ruling had "inflicted a mortal blow" on its case.  *Id.* at 568–69.  And we found the filing of the substitute charge unreasonable because it relied "on the same" conduct but carried harsher penalties.  *Id.* at 570–71.  Here, by contrast, prosecutors brought charges against Loines in a different case based on new conduct.  The two cases look nothing alike.

4. *Finality of Prior Offense*. Loines lastly argues that the conviction for his prior federal drug offense had not become "final" when he committed his current offenses. This fact would mean that the district court could not increase his statutory minimum sentence because the serious-drug-felony enhancement applies only if he committed his current offenses "after [his] prior conviction for a serious drug felony . . . [had] become final[.]" 21 U.S.C. § 841(b)(1)(B).

But our precedent dooms this claim. We have held that a conviction becomes "final" when a defendant's time to appeal the judgment of conviction "has expired." *United States v. Miller*, 434 F.3d 820, 823 (6th Cir. 2006); *see also United States v. Corona*, 493 F. App'x 645, 655 (6th Cir. 2012). Here, the district court in Loines's prior federal case entered its judgment on April 18, 2023. His time to file a direct appeal thus expired on May 2, 2023. *See* Fed. R. App. P. 4(b). But he did not appeal. And when pleading guilty, Loines admitted that his current offenses started "on or about August 25, 2023" (as alleged in the indictment). Plea Tr., R.78, PageID 583–85. So Loines's prior serious-drug-felony conviction became final before he began his current drug crimes. *Miller*, 434 F.3d at 823.

In response, Loines does not dispute these facts. He instead disputes the law. He argues that a prior conviction does not become final until a defendant has completed all the punishment for that offense. And Loines remained on supervised release for this past offense when he committed his current ones. But our precedent ties finality to the time to appeal, not the completion of sanctions. *See Miller*, 434 F.3d at 823. This claim thus rests on a legal mistake.

One last point. Loines at times suggests that the Constitution requires a jury (not a judge) to answer this finality question too. Even if he preserved this claim, we would find any constitutional error harmless for the same reasons that we found the error harmless on the other underlying factual questions. Under a proper view of the law, the facts are "uncontested": his prior conviction was final. *Lee*, 100 F.4th at 489 (citation omitted). So Loines would have still pleaded guilty if he had known that a jury must resolve this finality question, and any rational jury would have found the conviction final. *See Greer*, 593 U.S. at 508; *Thomas*, 142 F.4th at 418.

B. Career-Offender Enhancement

Loines lastly contends that he was not a "career offender" subject to the increased punishment in U.S.S.G. § 4B1.1(b).  To qualify as a "career offender," Loines must have had two prior felony convictions for "either a crime of violence or a controlled substance offense." *Id.* § 4B1.1(a).  All agree that his prior federal drug conviction fell within the definition of a "controlled substance offense" in U.S.S.G. § 4B1.2(b).  But Loines argues that his prior drug-trafficking conviction under Ohio Revised Code § 2925.03(A)(2) does not qualify as a controlled-substance offense.  In his view, this Ohio statute covers more conduct than the guidelines definition and so categorically falls outside that definition.

Our caselaw also dooms this claim.  In *United States v. Smith*, 960 F.3d 883 (6th Cir. 2020), we held that Ohio Revised Code § 2925.03(A)(2) "falls safely within" § 4B1.2(b)'s definition of a controlled-substance offense.  *Id.* at 889.  Since *Smith*, we have repeatedly rejected efforts to distinguish that binding precedent.  *See United States v. Hoyle*, 148 F.4th 396, 407 (6th Cir. 2025); *United States v. Johnson*, 2023 WL 8651268, at *3 (6th Cir. Dec. 14, 2023); *United States v. Sharp*, 2023 WL 3966739, at *9–10 (6th Cir. June 13, 2023).  Loines's conclusory arguments also do nothing to distinguish *Smith*, so we must follow it here too.

We affirm.